UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENNETH WATFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00032-JPH-MJD |
| | ) | |
| B. LAMMER, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion to Dismiss**

On January 17, 2020, petitioner Kenneth Watford filed a document entitled "petition for writ of habeas corpus" in which he requests release from custody. Dkt. 1. He contends that his 2015 conviction in a federal district court in Maryland is now invalid because a Maryland state court expunged the 2012 arrest that led to the federal conviction. *Id.*

On November 5, 2020, the respondent filed a motion to dismiss Mr. Watford's petition arguing that it should have been docketed in another habeas proceeding initiated by Mr. Watford in July 2018. Dkt. 29. The respondent argues that allowing Mr. Watford to proceed in this habeas proceeding would enable him to avoid potential sanctions for frivolous filings in his earlier habeas proceeding. *See id.* at 4. The petitioner responded to the motion to dismiss, but he did not address the respondent's arguments. Dkt. 32. Rather, he asked the Court to remand this case to a Maryland state court. *Id.*

Although the Court does not condone repeated, frivolous filings by litigants, it appears that the petitioner's argument in the current habeas proceeding is different than the arguments presented in his earlier habeas proceeding. In his other habeas proceeding, he alleged that his federal conviction should be vacated because the factual basis and evidence underlying it were false. *See*

1

*Watford v. Bell*, No. 2:18-cv-00325-WTL-DLP, dkt. 8 at 1. Here, however, the petitioner is alleging that his federal conviction should be vacated because his arrest was expunged due to a lack of probable cause and invalid arrest warrant. These arguments are undoubtedly related, yet they are distinct. Mr. Watford may elect to file a successive petition under § 2241 that raises a distinct issue because 28 U.S.C. § 2244(a) bars only successive § 2241 petitions that are "directed at the same issue." *See Schaefer v. Bezy*, 199 F. App'x 548, 551 (7th Cir. 2006) (*citing Valona v. United States*, 138 F.3d 693, 694-95 (7th Cir. 1998)).

Additionally, it appears that the petitioner intended that this habeas proceeding be distinct from the earlier proceeding. As the respondent acknowledged, all of the petitioner's filings in his earlier proceeding contained the cause number for that proceeding. The filing that initiated this habeas proceeding did not contain the cause number for the earlier proceeding. *See* dkt. 1. Moreover, the petitioner entitled this document a "petition for writ of habeas corpus" and included a cover letter informing the Court that he had sent the filing fee, dkt. 1-1, which indicate intent to initiate a new habeas proceeding.

Considering all the circumstances discussed above, the Court concludes that the petitioner intended to file a separate habeas proceeding. Therefore, the respondent's motion to dismiss, dkt. [29], is **denied**. The respondent shall have **through January 20, 2021,** to respond to the petitioner's arguments. Given the significant amount of time that passed prior to the respondent filing a motion to dismiss, no further extensions should be anticipated.

**SO ORDERED.**

Date: 12/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH WATFORD
56252-037
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov