UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH WATFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00032-JPH-MJD |
| ) | |
| B. LAMMER, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Action and Directing Entry of Final Judgment**

Petitioner, Kenneth Watford, an inmate currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained below, his petition for a writ of habeas corpus is **denied**.

**I. Factual and Procedural Background**

In November 2014, Mr. Watford was charged in the District of Maryland with 13 offenses related to identity theft and fraud. *See United States v. Watford*, Case No. 8:12-cr-00623-PJM-3 (D. MD.) ("Crim. Dkt."), dkt. 164. A jury convicted Mr. Watford of 12 of the 13 counts. Crim. Dkt. 220. He received a sentence of 135 months' imprisonment and five years' supervised release. Crim. Dkt. 265.

Mr. Watford's motions for a new trial were denied and his direct appeal was dismissed. Dkt. 35 at 3. He then filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that he was unlawfully arrested and detained. *Id.*

1

In October 2019, a Maryland state court judge ordered the "expungement of police records pertaining to" Mr. Watford's arrest on July 27, 2012, by state law enforcement officers. *See* dkt. 42 at 4.

In January 2020, Mr. Watford filed this § 2241 petition alleging that his federal conviction is invalid because the expungement of the police records from 2012 was based on a finding of lack of probable cause and lack of an arrest warrant. Dkt. 1.

In January 2021, Mr. Watford filed a motion in the District of Maryland, arguing that he is entitled to be resentenced because the record of his arrest was expunged. Dkt. 35 at 3-4.

## II. Availability of Relief Under Section 2241

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. Specifically, under § 2255(e), a federal prisoner may seek relief under § 2241 only if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018).

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the

sentence." *Roundtree*, 719 F.3d at 313 (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc)). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed § 2255(e), referred to as the "savings clause," in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause, "a petitioner must establish that '(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.'" *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *see also Roundtree*, 910 F.3d at 313 (acknowledging a circuit split regarding this test and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial

collateral review). If a petitioner cannot meet all three conditions, he is not entitled to proceed under § 2241. *See, e.g., Davis v. Cross*, 863 F.3d 962, 964–65 (7th Cir. 2017) (affirming denial of relief under § 2241 because petitioner could not establish third requirement).

Here, Mr. Watford does not rely on a new case of statutory interpretation, has not identified a "structural problem" with § 2255 that would have prevented him from raising the arguments that he asserts in his § 2241 petition in a § 2255 petition and he has not shown a miscarriage of justice. Nor does he explain how a state court order expunging police records pertaining to his arrest invalidates his federal conviction.

### III. Conclusion

Based on the foregoing, Kenneth Watford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017) ("[P]etition should be dismissed with prejudice under 28 U.S.C. § 2255(e).").

Mr. Watford's motion for preliminary injunction, dkt. [33], and motion to grant motion for preliminary injunction, dkt. [39], are **denied**. Mr. Watford's motion to supplement the record, dkt. [47], is **granted**.

**SO ORDERED.**

Date: 9/30/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

KENNETH WATFORD
56252-037
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov